# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 2:06cr123-MHT |
| ) | |
| FRANCISCO ULLOA-JIMINEZ ) | |

### MOTION TO SUPPRESS AND CITATIONS OF AUTHORITY

COMES NOW the Defendant, Francisco Ulloa-Jiminez, by and through counsel, and pursuant to the 4th and 5th Amendments of the United States Constitution, moves this court for an order suppressing all statements and evidence taken and seized as a result of the search of the defendants vehicle on or about April 20, 2006. The defendant moves for an order prohibiting the government from introducing in this matter all items seized from Ulloa-Jiminez and/or his vehicle, all statements and information obtained from Ulloa-Jiminez, and all physical objects and information obtained as a "fruit" or result of statements or information received from Ulloa-Jiminez. In support of these motions, the defendant would show as follows:

### FACTS

1. The Defendant, Francisco Ulloa-Jiminez, is named in both counts of a two-count indictment charging the Defendant and five other individuals with conspiracy to knowingly and intentionally distribute and possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine (Count I), and for knowingly and intentionally possessing with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine (Count II).

2. On or about April 20, 2006, Special Agent Neill Thompson was advised by a confidential source (CS) that a Hispanic male known to the CS as "Manolo" was coming to Montgomery, Alabama with cocaine to sell to the CS. At approximately 5:30pm the CS contacted SA Thompson and advised him that Manolo was in Montgomery and had 8 kilograms of cocaine to sell him. Manolo told the CS that he was driving a small black pickup truck and that he was staying at the Ramada Inn on West South Boulevard in Montgomery.

3. At approximately 6:30pm, the CA and SA Thompson and Task Force Officer Joe Herman placed recorded telephone calls to Manolo. Through the conversations, the agents were able to communicate with a patrol unit and locate the black pickup truck. The officers stopped the black pickup truck, and, during the course of the stop discovered what appeared to be cocaine. Three individuals were in the black pickup truck: Joseph Gutierrez, Omar Torres-Vazquez, and Carlos Solano-Olascoaga. Torres-Vazquez had a key for room #225 at the Ramada Inn on West South Boulevard in Montgomery.

4. Agents Eddie Spivey and John Hurst were sent to the Ramada Inn. The Agents observed two Hispanic males in the parking lot of the Ramada Inn and an adjacent gas station. The Agents approached the first male, Julio Zavala-Ulloa, and questioned him. Zavala-Ulloa stated that he was waiting for three friends who were driving his black pickup truck.

5. Agents then approached the second Hispanic male, Francisco Ulloa-Jimenez. Ulloa-Jimenez was questioned by the Agents and stated that he had a Dodge pickup truck in the parking lot. Ulloa-Jimenez consented to a search of the truck. During

2

the search of the truck, a narcotics detection canine indicated for the presence or odor of narcotics in a black duffel bag located in the cab of the truck. An Agent looked inside the bag and observed a white powder substance in the bag. Francisco Ulloa-Jimenez was detained.

## ARGUMENT

6.      Francisco Ulloa-Jimenez's consent to the warrantless search of his vehicle was not given freely and voluntarily, and the evidence seized during the search should be suppressed. Whether an individual's consent to a warrantless search was given voluntarily is a question of fact that must be decided in light of the totality of the circumstances. United States v. Purcell, 236 F.3d 1274 (11th Cir. 2001). Francisco Ulloa-Jimenez does not speak English and he did not understand that he did not have to consent to the search. While the government is not required to prove that a defendant knew he had the right to refuse to consent, such knowledge or lack thereof is a factor to consider in determining the voluntariness of the consent. United States v. Chemaly, 741 F.2d 1346 (11th Cir. 1984); United States v. Guapi, 144 F.3d 1393 (11th Cir. 1998) (failure to advise bus passengers that they were free to refuse officer's request to search carry-on luggage rendered search involuntary and non-consensual.) As stated earlier, Francisco Ulloa-Jimenez does not speak English and he is not a citizen of the United States. He was approached by the Agents in the parking lot of the Ramada Inn for no other reason than he was a Hispanic male. A reasonable person in his position would not have known that he was free to refuse the officers' request to search his vehicle.

WHEREFORE, Mr. Francisco Ulloa-Jimenez asks this court to enter an order prohibiting the government from introducing in this matter all items seized from Ulloa-

3

Jiminez and/or his vehicle, all statements and information obtained from Ulloa-Jiminez, and all physical objects and information obtained as a "fruit" or result of statements or information received from Ulloa-Jiminez.

Respectfully submitted this 7th day of June, 2006.

        s/John M. Poti
**JOHN M. POTI (POT013)**
Attorney for Francisco Ulloa-Jiminez
696 N. Silver Hills Drive, Suite 102
Prattville, AL 36066-6184
TEL: (334) 361-3535
FAX: 1-866-780-9012
E-mail: john@jmpoti.com

CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: A. Clark Morris, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:   none   .

        s/John M. Poti
**JOHN M. POTI (POT013)**
Attorney for Francisco Ulloa-Jiminez
696 N. Silver Hills Drive, Suite 102
Prattville, Alabama 36066-6184
TEL:    (334) 361-3535
FAX:    1-866-780-9012
E-mail: john@jmpoti.com