IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | Case No. 2:06cr123-MHT |
| ) | |
| **FRANCISCO ULLOA-JIMINEZ** ) | |

**MOTION TO SEVER DEFENDANT FOR SEPARATE TRIAL**

COMES NOW the Defendant Francisco Ulloa-Jiminez, by and through undersigned counsel, and respectfully moves to this Honorable Court to sever his case for separate trial. As grounds in support of this motion, Defendant Moseley asserts the following:

1. The Defendant, Francisco Ulloa-Jiminez, is named in both counts of a two-count indictment charging the Defendant and five other individuals with conspiracy to knowingly and intentionally distribute and possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine (Count I), and for knowingly and intentionally possessing with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine (Count II). None of the codefendants has to date pled guilty to the charges in the indictment, and all are currently scheduled for a joint trial with Ulloa-Jiminez on August 7, 2006.

2. Rule 14 of the Federal Rules of Criminal Procedure provides that, if it appears that a defendant is prejudiced by joinder of offenses or of defendants in an indictment or by such joinder for trial together, the Court may order an election or separate trials of counts or grant a severance of defendants.

3.     The Government intends to introduce post-arrest statements made by co-defendant Horacio Jaimes-Albiter at a joint trial. These post-arrest statements, on their face, directly inculpate Defendant Ulloa-Jiminez in that they name Ulloa-Jiminez and link him with the cocaine that is the subject of this action. The introduction of these statements at a joint trial would violate Ulloa-Jiminez Sixth Amendment right to cross-examine as defined in <u>Bruton v. United States</u>, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), where the Supreme Court held that the admission of a confession or statement by a non-testifying defendant which inculpates a co-defendant violates the co-defendant's Sixth Amendment right to confront a witness, even with the protection of a limiting instruction to the jury. In addition, the 11th Circuit has read <u>Bruton</u> to exclude statements by a non-testifying co-defendant which directly inculpate a co-defendant. See <u>United States v. Doherty</u>, 233 F.3d 1275, 1281 (11th Cir. 2000).

4.     The co-defendants also have inconsistent, antagonistic defenses that show compelling prejudice. The co-defendants' defense directly inculpates Ulloa-Jiminez and directly contradicts Ulloa-Jiminez own defense. Mutually antagonistic defenses justify severance if the essence of one defendant's defense is contradicted by a co-defendant's defense. <u>Smith v. Kelso</u>, 863 F.2d 1564, 1568 (11th Cir. 1989) (quoting <u>United States v. Berkowitz</u>, 662 F.2d 1127, 1132-34 (5th Cir. Unit B 1981)).

WHEREFORE, PREMISES CONSIDERED, Defendant Ulloa-Jiminez hereby moves this Honorable Court to grant his Motion for Severance of his trial from that of his co-defendants.

Respectfully submitted this 7th day of June 2006.

        s/John M. Poti
**JOHN M. POTI (POT013)**
Attorney for Francisco Ulloa-Jiminez
696 N. Silver Hills Drive, Suite 102
Prattville, AL 36066-6184
TEL: (334) 361-3535
FAX: 1-866-780-9012
E-mail: john@jmpoti.com

CERTIFICATE OF SERVICE

      I hereby certify that on June 7, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: A. Clark Morris, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:   none   .

        s/John M. Poti
**JOHN M. POTI (POT013)**
Attorney for Francisco Ulloa-Jiminez
696 N. Silver Hills Drive, Suite 102
Prattville, Alabama 36066-6184
TEL:  (334) 361-3535
FAX:  1-866-780-9012
E-mail: john@jmpoti.com