IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:06cr123-MHT |
| | ) | |
| FRANCISCO ULLOA-JIMINEZ | ) | |

**RESPONSE TO SHOW CAUSE ORDER**

COMES NOW Defendant Francisco Ulloa-Jiminez, by and through counsel, in compliance with this Court's Order (Doc. No. 117) directing to show cause in writing as to why the Motion to Sever filed by the Defendant on June 7, 2006, (Doc. No. 96) should not be dismissed as moot. In response counsel would show:

1. On June 7, 2006, the Defendant filed a Motion to Sever Defendant for separate trial pursuant to Rule 14 of the Federal Rules of Criminal Procedure. Rule 14 provides that, if it appears that a defendant is prejudiced by joinder of offenses or of defendants in an indictment or by such joinder for trial together, the Court may order an election or separate trials of counts or grant a severance of defendants.

2. The Government intends to introduce post-arrest statements made by co-defendant Horacio Jaimes-Albiter at a joint trial. These post-arrest statements, on their face, directly inculpate Defendant Ulloa-Jiminez in that they name Ulloa-Jiminez and link him with the cocaine that is the subject of this action. The introduction of these statements at a joint trial would violate Ulloa-Jiminez Sixth Amendment right to cross-examine as defined in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), where the Supreme Court held that the admission of a confession or statement by a non-testifying defendant which inculpates a co-defendant violates the co-defendant's Sixth Amendment right

to confront a witness, even with the protection of a limiting instruction to the jury. In addition, the 11th Circuit has read <u>Bruton</u> to exclude statements by a non-testifying co-defendant which directly inculpate a co-defendant. See <u>United States v. Doherty</u>, 233 F.3d 1275, 1281 (11th Cir. 2000).

    3.    To date, co-defendant Horacio Jaimes-Albiter has not changed his plea, and has not filed notice of intent to change his plea. As long as co-defendants Jaimes-Albiter and Ulloa-Jiminez are to be tried jointly, Ulloa-Jiminez is prejudiced by such joinder because of his inability to cross-examine as outlined above.

WHEREFORE, the Defendant respectfully requests this Honorable Court to grant his Motion for Severance of his trial from that of his co-defendants.

RESPECTFULLY SUBMITTED, this 10th day of July, 2006.

   s/John M. Poti
**JOHN M. POTI (POT013)**
Attorney for Francisco Ulloa-Jiminez
696 N. Silver Hills Drive, Suite 102
Prattville, AL 36066-6184
TEL: (334) 361-3535
FAX: 1-866-780-9012
E-mail: john@jmpoti.com

**CERTIFICATE OF SERVICE**

       I hereby certify that on July 10, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: <u>A. Clark Morris</u>, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:  <u>  none   </u>.

       <u>s/John M. Poti</u>
**JOHN M. POTI (POT013)**
Attorney for Francisco Ulloa-Jiminez
696 N. Silver Hills Drive, Suite 102
Prattville, Alabama 36066-6184
TEL: (334) 361-3535
FAX: 1-866-780-9012
E-mail: john@jmpoti.com